IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN TERRELL TATUM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1735 |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Pending is Respondent's Motion for Summary Judgment (Document No. 47) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) and Supplemental Application for Writ of Habeas Corpus (Document No. 43). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Respondent's Motion for Summary Judgment be GRANTED, and that Petitioner's Application and Supplemental Application for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice. Both Respondent and Petitioner have filed Objections (Document Nos. 55 & 61) to the Memorandum and Recommendation. The Court has made a *de novo* determination of Respondent's Motion for Summary Judgment, Petitioner's Response, Petitioner's Application and Supplemental Application for Writ of Habeas Corpus, the Memorandum and Recommendation, and both sides' Objections. Having done so, a

small clarification on the Memorandum and Recommendation, based on the record, is appropriate.

In the second (middle) paragraph on page 15 of the Memorandum and Recommendation, the Magistrate Judge states that Tatum's assertion in his "second" state application (as the State describes it), which was filed June 25, 2012, was "predicated on a June 2013 affidavit from Charlie Ivory." Obviously, those dates are inconsistent. Tatum filed the so-called "second" state application on June 25, 2012, not intending it (as the Magistrate Judge correctly observed) as a separate application but, as Tatum expressly stated in the document, as adding "'supplemental' points to previously filed writ [of August 31, 2009] that is still pending and not yet resolved." Document No. 48-1, at 3. A year later--with the June 2009 state application still pending--Tatum procured the June 30, 2013 Affidavit of Charlie Ivory, who largely renounced his trial testimony against Tatum and presented an account favorable to Tatum. On September 5, 2013, still with the June 2009 state petition pending, Tatum further supplemented the State petition by filing the Ivory Affidavit as an attachment to what he denominated his Response to State's Original Answer and Proposed Order (Document No. 48-1, at 71 of 115, and Affidavit at 81-83 of 115). When Tatum supplemented his still-pending 2009 petition with Ivory's 2013 Affidavit, Tatum then advanced his argument of actual innocence. The foregoing clarification of sequential dates

replaces the statement made on page 15 of the Memorandum and Recommendation referred to in the first sentence of this paragraph.

With the foregoing clarification, the Court is of the opinion that the findings and recommendations of the Magistrate Judge are correct and should be and hereby are accepted by the Court in their entirety. Accordingly,

It is ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge filed on September 6, 2017 which, with the clarification made above, is adopted in its entirety as the opinion of this Court, that Respondent's Motion for Summary Judgment (Document No. 47) is GRANTED, and Petitioner's Application and Supplemental Application for Writ of Habeas Corpus (Document Nos. 1 and 43) are DENIED and DISMISSED with prejudice. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, the Court determines that Petitioner has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists would not debate the correctness of either the substantive or procedural rulings.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas on this 30th day of November, 2017.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE